# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:06CV00059

| | |
|---|---|
| **TERRY D. SHOOK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **JOANNE B. BARNHART,** ) | |
| Commissioner, Social Security Administration**,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Motion for Summary Judgment" (Document No. 14) and "Plaintiff's Brief Supporting Motion for Summary Judgment" (Document No. 15), filed December 6, 2006; and the Defendant's "Motion for Summary Judgment (Document No. 16) and "Memorandum in Support of the Commissioner's Decision" (Document No. 17), filed January 23, 2007. The parties have consented to magistrate jurisdiction under 28 U.S.C. § 636(c), and these motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that the Commissioner's decision to deny Plaintiff Social Security disability benefits is supported by substantial evidence. Accordingly, the undersigned will deny Plaintiff's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and affirm the Commissioner's decision.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and Social Security Disability Insurance Benefits on January 6, 2004, and an application for Supplemental Security Income on October 27,

2003, both alleging a disability onset date of September 20, 2001 as a result of cervical degenerative disc disease and carpal tunnel syndrome. Plaintiff's claim was denied initially and then again on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on April 26, 2005. On November 21, 2005, the ALJ issued an opinion denying Plaintiff's claim.

Subsequently, Plaintiff filed a Request for Review of Hearing Decision. On April 21, 2006, the Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner.

Plaintiff filed this action on May 11, 2006, and the parties' cross-motions for summary judgment are ripe for the Court's consideration.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Perales, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" as

> being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence

or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.") Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether at any time prior to November 21, 2005, the Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[1] The ALJ considered the evidence and concluded in his written opinion that Plaintiff suffers from degenerative changes of the cervical spine, moderate carpal tunnel syndrome in the right upper extremity, depression and tobacco dependence, all of which are "severe" impairments within the regulatory meaning, but that no impairment or combination of impairments meets or medically equals one of the

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ....

Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

impairments listed in Appendix 1, Subpart P, Regulations No. 4; that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability; that Plaintiff retains the residual functional capacity to perform a significant range of medium work including, limited to simple, routine, repetitive tasks which could involve occasional lifting of no more than fifty pounds at a time, occasional pushing/pulling, occasional crouching/kneeling/crawling and climbing and would not require work at a production rate involving piece work; that Plaintiff is an individual closely approaching advanced age; that Plaintiff has a limited education and no transferable skills from past relevant work; that Plaintiff is not able to return to his past relevant work; but that, based upon his residual functional capacity, Plaintiff could perform work which exists in significant numbers in the national economy. Accordingly, the ALJ concluded that Plaintiff was not disabled as defined for Social Security purposes.

Plaintiff contends on appeal that he has obtained new and material evidence that meets the requirements for remand under 42 U.S.C. § 405(g) and therefore should be admitted for further consideration by the ALJ. More particularly, Plaintiff contends that such new evidence may be sufficient to warrant a change in th ALJ's evaluation of Plaintiff's credibility and residual functional capacity ("RFC"). In addition, Plaintiff alleges that the substantial weight of the evidence does not support the ALJ's finding that he was not disabled. The undersigned concludes, however, that the ALJ's treatment of the objective medical records and the opinions of Plaintiff's treating physicians, and the ALJ's assessment of Plaintiff's subjective complaints of pain were proper. The undersigned further concludes that remand is not warranted as Plaintiff has failed to demonstrate that the evidence meets the requirements for remand set out in 42 U.S.C. § 405(g). The Court further finds that substantial evidence supports the ALJ's findings regarding Plaintiff's impairment, as well as the

ultimate conclusion that Plaintiff was not disabled so as to preclude him from working.

We turn first to the issue of remand. Plaintiff submits, as attachments to his brief, evidence consisting of a current evaluation of his condition and complaints of neck pain by his treating physician, Dr. Peter Miller. On February 10, 2006, Dr. Miller noted that Plaintiff suffers from a "several year history of neck pain, loss of function in his arms and difficulty walking." (Plaintiff's Exhibit B at p. 3). Dr. Miller diagnosed Plaintiff with severe cervical stenosis with signal changes in the spinal cord and the cervical area. Plaintiff then underwent a decompressive laminectomy at C3 through C7. (Id.) Plaintiff asserts both that this evidence was not available during the proceeding before the ALJ and that it further illustrates his impairment was more severe than found by the ALJ.

The Fourth Circuit holds that reviewing courts are restricted to the administrative record when determining whether the decision of the ALJ is supported by substantial evidence. Wilkins v. Secretary, Department of Health and Human Services, 953 F.2d 93, 96 (4th Cir. 1991), citing Huckabee v. Richardson, 468 F.2d 1380, 1381 (4th Cir. 1972). District courts are barred from considering evidence which was not presented to the ALJ. Smith v. Chater, 99 F.3d 635, 638 n.5 (4th Cir. 1996), citing United States v. Carlo Bianchi & Co., 373 U.S. 709, 714-715 (1963).

Although this court is limited to the administrative record, it may remand a Social Security case to the Commissioner for consideration of additional evidence if the evidence is new and material, and there is good cause for failing to present the evidence earlier. See 42 U.S.C. § 405(g); Wilkins, 953 F.2d at 95-96. Evidence is considered new if it is relevant to the determination of disability at the time the application was filed, not merely cumulative or duplicative, and not available during the pendency of the administrative proceedings. Wilkins, 953 F.2d at 96 (citations omitted). Evidence is considered material when it is shown that there is a reasonable possibility that the additional

evidence would have changed the outcome of the ALJ's decision and the evidence must relate to the claimant's condition during the time period under consideration by the ALJ. Id. (citations omitted). Other circuits have concluded that, to establish the existence of "good cause," the claimant must show that the additional information was not available to him until after the conclusion of the administrative proceedings. See, e.g., Geigle v. Sullivan, 961 F.2d 1395, 1396 (8th Cir. 1992); Waite v. Bowen, 819 F.2d 1356, 1361-1362 (7th Cir. 1987).

The additional evidence offered by Plaintiff meets neither the new nor the material requirements for remand of the case. Plaintiff contends first that this evidence meets the new requirement since it was not generated until after the date of the administrative hearing. Although the evidence postdates the hearing, in order to be considered new, it must not be cumulative or duplicative. See Wilkins, 953 F.2d at 96 (citations omitted). The undersigned finds on these facts that the evidence is duplicative of previous evidence considered by the ALJ. The additional evidence reports on the back surgery recommended to Plaintiff before the hearing but not actually performed until after the ALJ rendered his decision. The Plaintiff attributes the delay in receiving the surgery to his poor financial situation. The recommendation for this surgery was included in the record and examined by the ALJ prior to making his decision, and therefore evidence concerning the completion of the surgery would be at least duplicative of the previous record, if not entirely irrelevant to the time period under consideration. It is not new.

Plaintiff contends next that the additional evidence is material in that it demonstrates the severity of his condition during the time period covered by the ALJ's decision. Additionally, Plaintiff states that this evidence confirms the 1999 diagnosis of treating physician Dr. Pekman and supports his allegations of severe pain. As noted above, in order to be considered material, there must

be a reasonable possibility that the additional evidence would have changed the outcome of the ALJ's decision. Id. (citations omitted). Plaintiff alleges that the evidence could have changed the outcome because it demonstrates his condition was much more severe than found by the ALJ and it would have supported his credibility and therefore altered the ALJ's evaluation of his residual functional capacity. The undersigned finds that the additional evidence is not material. Evidence from Plaintiff's back surgery does not provide substantial information previously unavailable to the ALJ. The prior recommendation of this surgery illustrated to the ALJ the severity of Plaintiff's condition during the relevant time. The ALJ's conclusion considered this information and would not likely be altered by the actual performance of the recommended surgery. The additional evidence also does not provide any information to suggest further limitations beyond those considered by the ALJ.

In short, Plaintiff failed to meet the first two statutory requirements for remand by not establishing that the additional evidence is both new and material. In light of this failure on the first two criteria for remand, the undersigned need not address whether there was good cause for not presenting the evidence earlier. The undersigned finds that a remand for further evaluation would not be proper. Any changes in the medical condition subsequent to the ALJ's decision would not be relevant to the time period considered by the ALJ and therefore would not warrant a remand. However, the undersigned notes that a possible remedy for Plaintiff's condition following the surgery would be to file a new application for disability for a new time period. See Bowles v. Barnhart, 392, F.Supp.2d 738, 754-746 (W.D. Va. 2005).

We turn now briefly to the more general question of whether the ALJ's decision finding the Plaintiff not disabled was supported by substantial evidence. It clearly was. Evidence consisting of a physical examination by a consulting physician and a report from a non-examining state agency

physician concluded that Plaintiff retained a residual functional capacity for medium work with postural and manipulative limitations. (Tr. 152, 186- 193). The record also contains testimony from a vocational expert confirming that there are jobs existing in significant numbers in the national economy that can accommodate Plaintiff's RFC. (Tr. 23). In addition, the ALJ considered Plaintiff's subjective complaints of pain and limitations. Due to many inconsistencies among Plaintiff's alleged level of pain and lack of medical treatment as well as Plaintiff's financial situation, the ALJ found that Plaintiff's complaints were not entirely credible. By examining the record as a whole, the ALJ had substantial evidence to support his finding that Plaintiff's impairments did not cause such limitations so as to preclude him from maintaining employment. Therefore, the ALJ had substantial evidence to support his determination that Plaintiff was not disabled.

Based on the foregoing, the undersigned concludes that the additional evidence does not meet the requirements for remand under 42 U.S.C. § 405(g) and that substantial evidence supports the ALJ's findings that the Plaintiff is not disabled for Social Security purposes.

## V. ORDER

Accordingly, **IT IS HEREBY ORDERED THAT**

The "Plaintiff's Motion for Summary Judgment" (Document No. 14), filed December 6, 2006, is **DENIED**; the Defendant's "Motion for Summary Judgment" (Document No. 16), filed January 23, 2007, is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

Signed: June 15, 2007

David C. Keesler
United States Magistrate Judge